IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY D. STARLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 3:19-cv-555-JTA |
| v. | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion for award of attorney fees filed by Plaintiff's attorney. (Doc. No. 22.) The Commissioner does not oppose the motion. (Doc. No. 27.) Upon review of the motion and having undertaken an independent review of the character of the representation and the results achieved by Plaintiff's counsel in this case, the Court finds that the motion is due to be GRANTED.

### I.    BACKGROUND

Plaintiff Kimberly D. Starling retained attorney Brian Roy Carmichael for the purpose of appealing an adverse disability determination by the Social Security Administration.  (Doc. No. 23-1.) As is typical in this type of case, the agreement for representation called for Starling to pay Carmichael a fee equal to 25% of the past-due benefits if Starling prevailed in federal court. (*Id.*) Due to Carmichael's advocacy, on September 27, 2021, this Court reversed the agency's administrative determination and remanded the case to the Commissioner pursuant to 42 U.S.C. § 405(g). (Docs. No. 16,

17.) Following remand, the Commissioner issued a fully favorable decision in Starling's case and awarded past-due benefits. (Doc. No. 23-3.)

By his motion, Carmichael seeks the full twenty-five percent as permitted under the fee agreement for a total fee of $14,811.25. (Doc. No. 32.) Carmichael has already received $3,804.56 in fees under the Equal Access to Justice Act ("EAJA") and requests that the Court grant him the remaining 25% of the past-due benefits in the amount of $11,006.69. (Doc. No. 24 at 7.) Carmichael asks the Court to enforce his fee agreement with Starling and seeks approval of an award of $11,006.69 in fees under 42 U.S.C. § 406(b) after deducting the fees awarded under the EAJA. (*Id*.)

## II.    DISCUSSION

Section 406(b)(1)(A) provides in relevant part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services "rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court." *See id*.; 42 U.S.C. § 406(b)(2).

2

To receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. The Eleventh Circuit has held that "§ 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Because Starling was awarded past-due benefits following remand, the court may award attorney's fees under § 406(b). *Culbertson v. Berryhill*, _ U.S. _, 139 S. Ct. 517 (2019). Where EAJA fees have been awarded and counsel subsequently seeks fees under § 406(b), the amount of the EAJA award must be repaid to the claimant or offset from the fees received under § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Jackson v. Comm. of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010) (approving offset of EAJA award from § 406(b) award).

The Court must determine whether a fee requested under 42 U.S.C. § 406(b) is reasonable. *Gisbrecht*, 535 U.S. at 809. The Eleventh Circuit cited *Gisbrecht* to explain that contingent-fee agreements are presumptively reasonable, but that "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850 (11th Cir. 2020) (quoting *Gisbrecht*, 535 U.S. at 807). Courts should evaluate an attorney's requested fee based on the "character of the representation and the results the representative achieved," and may reduce a windfall fee award if "the benefits are large in comparison to the amount of time counsel spent on the case." *Gossett*, 812 F. App'x at 850

3

(quoting *Gisbrecht*, 535 U.S. at 808). An attorney for a successful claimant has the burden to demonstrate the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.

Here, Carmichael is seeking $11,006.69 in attorney's fees on this matter deducting the fees awarded under EAJA. The Commissioner does not object to the amount requested.[1] The Court's judgment about reasonableness is informed by *Gisbrecht*'s conclusion that Congress did not mean to "outlaw" lawful contingent fee agreements. Carmichael is experienced in representing Social Security claimants and, in addition to securing a fully favorable decision for Starling, has represented hundreds of Social Security claimants in this court. Consequently, the Court concludes that total payment in the amount of $14,811.25 is reasonable under the circumstances of this case.

### III.    CONCLUSION

Accordingly, it is ORDERED as follows:

1.    Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 22) is GRANTED.

2.    The Commissioner shall pay to Attorney Brian Roy Carmichael $11,006.69, which is the offset amount of the total reasonable $14,811.25 attorney's fee, out of Plaintiff Starling's past-due benefits.

3.    Attorney Brian Roy Carmichael has acknowledged that he was previously

---

[1] The Court notes that the Commissioner has no direct financial interest in the outcome of this motion, as his role is akin to that of a trustee for Starling. (*See* Doc. No. 27) (citing *Gisbrecht*, 535 U.S. at 798).

awarded and received EAJA fees in this matter in the amount of $3,804.56.

DONE this 8th day of May, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE